## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 16-cv-01854-MJW

MIGUEL A. RODRIGUEZ-CHAVEZ, *et al*,

Plaintiffs,

v.

MERCHANT ENTERPRISES, INC., *et al*,

Defendants.

---

### PROPOSED SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL

The Fed.R.Civ.P. 26(f) conference of the parties was held on November 4, 2016.   The following counsel of record represented the parties.

Andrew H. Turner
BUESCHER, KELMAN, PERERA & TURNER, P.C.
600 Grant Street – Suite 450
Denver, CO  80203
303-333-7751(telephone)
303-333-7758 (facsimile)
aturner@laborlawdenver.com
*Attorney for Plaintiffs*

Nicholas J. Enoch
LUBIN & ENOCH, P.C.
999 18th Street, Suite 3000
Denver, CO 80202-2499
(303) 595-0008 (telephone)
(602) 626-3586 (facsimile)
nick@lubinandenoch.com
*Attorney for Plaintiffs*

Edward T. Schroeder
BOSTROM SCHROEDER, P.C.
World Trade Center

Jennifer Osgood
Michael Ley
BURNS FIGA & WILL

1675 Broadway, Suite 2280
Denver, CO 80202
303-592-5106 (telephone)
303-592-5330 (facsimile)
eschroeder@bostromlaw.com
*Attorney for Defendant Merchant*
*Merchant Demolition, LLC*

6400 S. Fiddlers Green Circle,
Suite 1000
Greenwood Village, CO 80111
303-796-2626 (telephone)
josgood@bfwlaw.com
mley@bfwlaw.com
*Attorneys for Defendants*
*Enterprises, Inc. and Tibbets*

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, this case arising under the

Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* Jurisdiction is admitted.

## 3. STATEMENT OF CLAIMS
## AND DEFENSES

a.      Plaintiffs:  One or both Defendants have employed Plaintiffs for varying lengths of time

between approximately 2002 through the present date.  Plaintiffs regularly worked over 40

hours per workweek.  Defendants failed to compensate Plaintiffs for all hours worked and

failed to, for all or some part of their employment with each, compensate them the overtime

premium for overtime hours worked.  Plaintiffs bring their FLSA claim on behalf of

themselves and others similarly situated.  Plaintiffs Enrique Monge, Victor M. Espinosa, and

Santos Nogal further bring a claim under the Colorado Wage Claim Act against Defendant

Merchant Enterprises, Inc. for failing to pay them overtime wages upon their separation from

employment.

b.      Defendant Merchant Enterprises, Inc. and William Tibbets:  Defendants Merchant

Enterprises and Mr. Tibbets deny that the plaintiffs regularly worked over 40 hours per week,

are owed any additional wages and that there were ever any "uniform practices" at Merchant

Enterprises that had the design or effect of underpaying employees' owed wages.  Merchant

8

Enterprises and Mr. Tibbets also deny that Mr. Tibbets is a proper party to this lawsuit, as he

did not exercise the requisite operational control with respect to plaintiff's alleged owed wages

to be an "employer" under the Fair Labor Standards Act.  Finally, Merchant Enterprises and

Mr. Tibbets deny that plaintiffs were ever jointly employed by Merchant Enterprises and

Merchant Demolition.  Merchant Enterprises and Mr. Tibbets assert the additional defenses

recited in their Answer.

c.       Defendant Merchant Demolition, LLC:  Defendant Merchant Demolition entered an

asset purchase agreement with Merchant Enterprise effective November 1, 2016.  Merchant

Demolition had no interest or control in the business prior to that time.  During the period after

the purchase, Merchant Demolition denies that Plaintiffs or any employees regularly worked

over 40 hours per workweek or that it failed compensate Plaintiffs or any employees the

overtime premium for overtime hours worked.  What is more, one or more Plaintiffs actually

base their claims on an accidental issuance of multiple paychecks resulting in double payment

to such Plaintiff(s) that should be returned to their employer and was instead knowingly

retained by Plaintiff(s).  Merchant Demolition further denies that it ever jointly employed

Plaintiffs with Merchant Enterprises and/or Mr. Tibbets.

d.       Other parties:  N/A


## 4. STIPULATIONS OF FACTS

The following facts are undisputed:

1. Defendant Merchant Demolition, LLC is a Colorado Corporation organized under the

   Colorado Corporations and Associations Act with a principal street address of 201

   Milwaukee Street, Denver, CO 80160.

2. Defendant Merchant Demolition, LLC was formed on October 15, 2015.

3. Defendant Merchant Enterprises, Inc. employed Plaintiff Victor Espinoza.

4. Defendant Merchant Demolition, LLC operates from the same office and yard from which Defendant Merchant Enterprises, Inc. formerly operated.

5. Merchant Demolition, LLC's annual gross volume of sales or business done during 2016 was not less than $500,000.00.

6. Defendant Merchant Enterprises, Inc. is a Colorado Corporation organized under the Colorado Corporations and Associations Act.

7. Defendant William E. Tibbets is a natural person residing in the state of Florida.

8. At times relevant to this action, Defendant Tibbets was an owner of Merchant Enterprises, Inc.

9. For all periods prior to 2016 relevant to this action, Merchant Enterprises, Inc.'s annual gross volume of sales or business done was not less than $500,000.00.

10. Defendants paid the Plaintiffs on an hourly basis.

11. Defendant Merchant Enterprises, Inc. has ceased operation.

## 5. SUMMARY OF DAMAGES CLAIMED

a.      Plaintiff:

The following preliminary estimates are provided before access to discovery, based upon the partial payroll records Plaintiff possesses and will be subject to adjustment and supplementation. Plaintiffs claim unpaid FLSA overtime and CWCA wages, which includes hours worked off the clock, in the following approximate amounts:

Miguel Rodriguez-Chavez:   $13,322.13

Enrique Monge:            $32,688.07

Victor M. Espinoza:       $21,375.38

Miguel A. Rosas Rosas:    $14,296.90

Pantaleon Rueda-Ontiveros: $5,920.29

Santos Nogal:             $7,465.09

Plaintiffs are aware that these damages estimates are underinclusive of some overtime damages suffered, regarding which Defendants have exclusive access to records. The foregoing calculations set forth only estimated unpaid overtime wages based on off-the-clock work. These amounts represents unpaid wages, at the overtime premium rate, for work performed off the clock while travelling back to the yard from a worksite and while in the yard finishing their required tasks, from their individual start dates of employment through their individual dates of separation.

These damages represent a low ball estimate of the unpaid wages actually due to Plaintiffs as they do not incorporate amounts due in overtime premiums for the banked hours which Defendants Merchant Enterprises, Inc. and Tibbets paid out at straight time.

Plaintiffs also claim FLSA liquidated damages, 29 U.S.C. § 216(b), Colorado Wage Claim Act penalties, C.R.S. § 8-4-109(3) (for Plaintiffs Monge, Nogal & Espinoza only) and an entitlement to a reasonable attorney's fee and the costs of this action. 29 U.S.C. § 216(b); C.R.S. § 8-6-118; C.R.S. § 8-4-110. The above-stated totals represent only the estimated principal amount of unpaid overtime wages.

b.      Defendants do not seek damages, but do seek recovery of their costs and attorney fees

11

as allowed by law.

## 6.  REPORT OF MEETING UNDER
## FED. R. CIV. P. 26(f)

a.        Date of Rule 26(f) meeting.

The Fed.R.Civ.P. 26(f) conference of the parties was held in-person on November 4,

2016.

b.        Names of each participant and party he/she represented.

Andrew H. Turner
BUESCHER, KELMAN, PERERA & TURNER, P.C.
600 Grant Street – Suite 450
Denver, CO  80203
303-333-7751(telephone)
303-333-7758 (facsimile)
aturner@laborlawdenver.com
*Attorney for Plaintiffs*

Nicholas J. Enoch
LUBIN & ENOCH, P.C.
999 18th Street, Suite 3000
Denver, CO 80202-2499
(303) 595-0008 (telephone)
(602) 626-3586 (facsimile)
nick@lubinandenoch.com
*Attorney for Plaintiffs*

Edward T. Schroeder
BOSTROM SCHROEDER, P.C.
World Trade Center
1675 Broadway, Suite 2280
Denver, CO 80202
303-592-5106 (telephone)
303-592-5330 (facsimile)
eschroeder@bostromlaw.com
*Attorney for Defendant Merchant*
*Merchant Demolition, LLC*

Jennifer Osgood
Michael Ley
BURNS FIGA & WILL
6400 S. Fiddlers Green Circle,
Suite 1000
Greenwood Village, CO 80111
303-796-2626 (telephone)
josgood@bfwlaw.com
mley@bfwlaw.com
*Attorneys for Defendants*
*Enterprises, Inc. and Tibbets*

c.        Identify any disputes concerning disclosures.

The parties exchanged initial disclosures on November 18, 2016.  The parties have not

identified any disputes concerning the adequacy of initial disclosures.

d.        Statement as to whether the parties anticipate that their claims will involve extensive
electronically stored information, or that a substantial amount of disclosure or discovery will involve
information or records maintained in electronic form.

The parties anticipate that most pertinent data is retained in or can be adequately

produced in paper format.  The lone electronic data the parties foresee producing, if necessary

and requested by Plaintiffs, is electronic punch clock data maintained for approximately 24

months in question.

e.        Statement of any agreements for preservation and production of electronically stored
information.

Defendant Merchant Demolition, LLC possesses electronic punch clock records from

November 1, 2016 which it agrees to preserve in native format and to produce in PDF and (if necessary)

native format.

f.        Describe any agreements the parties have reached for asserting claims of privilege or
of protection as trial-preparation materials after production of computer-generated records.

None.

## 7.  CASE PLAN AND SCHEDULE

a.        The filing of amended and supplemental pleadings will be made pursuant to
Fed.R.Civ.P. 15.

13

a.       Deadline for Joinder of Parties and Amendment of Pleadings:

Plaintiff will soon move for conditional certification of this case as a 29 U.S.C. § 216(b)

collective action and for issuance of notice to those workers eligible to opt-in to the case.

Plaintiffs propose that the deadline for joinder of parties be coextensive with the cut-off date

the Court will establish for opt-in plaintiffs to join this action.


b.       Discovery Cut-off:

August 29, 2017.

c.       Dispositive Motion Deadline:

September 29, 2017.

d.       Opinion Witness Disclosures:

(1).   State anticipated fields of opinion testimony, if any.

Plaintiffs may use an expert witness in the field of statistics or econometrics regarding the

calculation of damages.  Defendants may use expert witnesses to respond to any expert witness

designated by Plaintiffs.

(2).   State any limitations proposed on the use or number of expert witnesses.

Two experts per side.

(3).   Plaintiffs propose that the party bearing the burden of persuasion on the issues for which opinion is

to be offered under FRE 702 shall designate the witness and provide opposing counsel with all information specified

in Fed.R.Civ.P. 26(a)(2) 60 days after the resolution of dispositive motions.  Plaintiffs propose that

the parties be permitted to take expert depositions after the close of discovery, to be completed

no fewer than 21 days before the final pretrial conference.

14

Defendants propose that the party bearing the burden of persuasion on the issues for which opinion is to be offered under FRE 702 shall designate the witness and provide opposing counsel with all information specific in Fed. R. Civ. P. 26(a)(2) on or before May 1, 2017.

(4).    Plaintiffs propose that the parties shall designate all contradicting opinion witnesses and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) 90 days after the resolution of dispositive motions.  Plaintiffs propose that the parties be permitted to take expert depositions after the close of discovery, to be completed no fewer than 21 days before the final pretrial conference.

Defendants propose that the parties shall designate all contradicting opinion witnesses and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 5, 2017.

(5).    Plaintiffs propose that any rebuttal opinions will be exchanged 90 days after the resolution of dispositive motions.  Plaintiffs propose that they be permitted to take expert depositions after the close of discovery, to be completed no fewer than 21 days before the final pretrial conference.

Defendants propose that any rebuttal opinions will be exchanged on or before June 26, 2017.

    e.        Deposition Schedule:

            (1).    List the names and addresses of persons each party expects to depose under Rule 30.

Plaintiff:      Jonathan Dittmar

              William Tibbets

              Miguel Montanez

Defendants:    Victor M. Espinoza

              Enrique Monge

              Santos Nogal

              Miguel A. Rodriguez-Chavez

              Miguel A. Rosas-Rosas

              Pantaleon Rueda-Ontiveros

              Other current and former employees of Merchant Enterprises and/or Merchant Demolition to be determined through information obtained through discovery.

All proposed deponents may be contacted through their counsel.

f.        Schedule for written interrogatories and responses.

The parties propose a July 29, 2017 deadline for service of interrogatories.

g.        Schedule for Requests for Production under Rule 34.

The parties propose a July 29, 2017 deadline for service of Requests for Production.

h.        Schedule for Requests for Admissions under Rule 36.

The parties propose a July 29, 2017 deadline for service of Requests for Admission.

16

i.       Other Planning or Discovery Orders:

The parties anticipate the prompt filing of a stipulated protective order limiting the use and re-disclosure of confidential information produced in connection with this case.  Plaintiffs anticipate the prompt filing of a motion for conditional certification of this case as a 29 U.S.C. § 216(b) collective action and for issuance of notice to those workers eligible to opt-in to the case.   Plaintiffs propose that the deadline for joinder of parties be coextensive with the cut-off date the Court will establish for opt-in plaintiffs to join this action.

## 8.  SCHEDULING ISSUES

After a good faith effort, the sole issue counsel could not reach agreement upon is the timing of expert disclosures as identified at Section 7(d) above.

## 9. TRIAL DATE AND LENGTH OF TRIAL WILL BE SET AT THE PRE-TRIAL CONFERENCE TO BE SCHEDULED AFTER COMPLETION OF DISCOVERY.

## 10.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of ***good cause***.

DATED at Denver, Colorado, this _29_ day of _December_, 20_16_.

BY THE COURT:

_____
Hon. Richard P. Matsch
Senior United States District Judge

17

APPROVED:

/s/ *Andrew H. Turner*
Andrew H. Turner
BUESCHER, KELMAN, PERERA & TURNER, P.C.
600 Grant Street – Suite 450
Denver, CO  80203
303-333-7751 (telephone)
303-333-7758 (facsimile)
aturner@laborlawdenver.com
*Attorneys for Plaintiffs*

/s/ *Nicholas J. Enoch*
Nicholas J. Enoch
LUBIN & ENOCH, PC
999 18th Street, Suite 3000
Denver, CO 80202-2499
(303) 595-0008 (telephone)
(602) 626-3586 (facsimile)
nick@lubinandenoch.com
*Attorneys for Plaintiffs*

/s/ *Edward T. Schroeder*
Edward T. Schroeder
BOSTROM SCHROEDER, P.C.
World Trade Center
1675 Broadway, Suite 2280
Denver, CO 80202
303-592-5106 (telephone)
303-592-5330 (facsimile)
eschroeder@bostromlaw.com
*Attorney for Defendant Merchant
Demolition, LLC*

/s/ *Jennifer Osgood*
Jennifer Osgood
BURNS FIGA & WILL
6400 S. Fiddlers Green Circle,
Suite 1000
Greenwood Village, CO 80111
303-796-2626 (telephone)
josgood@bfwlaw.com
*Attorney for Defendants Merchant
Enterprises, Inc. and Tibbets*

18